CI 26 3107

**IN THE THIRD JUDICIAL DISTRICT COURT FOR LANCASTER COUNTY**

**NEBRASKA**

LANCASTER COUNTY
2026 AUG 17 PM 3:05
CLERK OF THE
DISTRICT COURT

Tyreese Learmond,

Plaintiff,

v.

Anthony Schutz, Professor, University of Nebraska College of Law;

David Dirgo, Adjunct Instructor, University of Nebraska College of Law;

Chelsi K. Hayden, Professor, University of Nebraska College of Law;

Harvey Perlman, Professor, University of Nebraska College of Law;

Danielle Cheree Jefferis, Professor, University of Nebraska College of Law;

Molly Brummond, Professor and Associate Dean, University of Nebraska College of Law;

Richard Edward Moberly, Dean and Professor, University of Nebraska College of Law;

Board of Regents of the University of Nebraska;

State of Nebraska.

Defendants.

CASE NO: CI 26-3107

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tyreese Learmond ("Plaintiff"), for his complaint against the Defendants, alleges as follows:

I. PARTIES

1. Plaintiff Tyreese Learmond is an individual residing in the United States.
2. Defendants are residents of Nebraska and employed in this state.

**EXHIBIT A**

002274429D02

3. Defendant Anthony Schutz is the Assistant Dean for faculty and a professor at the University of Nebraska College of Law.
4. Defendant David Dirgo is an adjunct teaching Legal Analysis, Writing, and Research at the University of Nebraska College of Law.
5. Defendant Chelsi K. Hayden is a professor at the University of Nebraska College of Law and is defendant Dirgo's direct supervisor as the professor of the Legal. Analysis, Writing and Research class and is the named instructor on Plaintiff's transcript.
6. Defendant Harvey Perlman is a professor at the University of Nebraska College of Law, former Dean of the law school and former Chancellor of the University of Nebraska-Lincoln.
7. Defendant Molly Brummond is the Assistant Dean for Student Development and Chief of Staff at the University of Nebraska College of Law.
8. Defendant Richard Moberly is the Dean and a professor at the University of Nebraska College of Law.
9. The Board of Regents of the University of Nebraska is an arm of the State of Nebraska deriving its authority from the state's Constitution and is the governing authority for the University or Nebraska System.
10. At all relevant times, the Defendants acted under color of state and federal law.
11. At all relevant times, the individual Defendants acted under color of state law in their individual and official capacities.

II. JURISDICTION AND VENUE

12. Subject-matter jurisdiction is appropriate over this action pursuant to Article V, Section 9 of the Nebraska Constitution and Neb. Rev. Stat. § 24-302.

13. Concurrent jurisdiction is appropriate over Plaintiff's federal law claims brought pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d of which this Court is fully empowered to adjudicate alongside accompanying state-law claims.
14. Original jurisdiction is appropriate over Plaintiff's state-law claims—including Breach of Implied Contract pursuant to Neb. Rev. Stat. § 24-302, as they sound in contract and equity and arise directly out of the same transaction, occurrence, and series of events.
15. Venue is proper pursuant to Neb. Rev. Stat. § 25-403.01 because a substantial part of the events, acts, or omissions giving rise to the Plaintiff's claims occurred at the University of Nebraska College of Law within Lancaster County, and multiple Defendants reside or are officially employed within this county.

## III. FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference paragraphs 1 through 15 as though fully set forth herein.
17. On August 22, 2025 Plaintiff joined the 2028 law class at the University of Nebraska College of Law as a member of the orientating class.
18. During the orientation sessions, Plaintiff was a part of a session moderated by Defendant Schutz where he explained that the University of Nebraska College of Law is a graduate professional school, that law practice is a profession and that as law students the goal was to prepare us to enter the profession as professionals with all the skills we would need to succeed.
19. On August 25, 2025 Plaintiff satisfied the requirements for enrollment at the University of Nebraska College of Law, duly matriculated and began attending classes.
20. Plaintiff is one of only five Black male students in the law school class and frequently sat in the front of the classroom. Plaintiff was visibly the only student in the 2028 class who

consistently wore a suit each day of class from August 25, 2025 onwards making him uniquely identifiable among his peers.

21. Throughout a substantial portion of the relevant period, Plaintiff continued to wear his suit to classes.

22. The first incident began on September 2, 2025 at approximately 8:50 am, when, just before Contracts began, Professor Anthony Schutz commented on Plaintiff's suit.

23. Defendant Schutz acknowledged Plaintiff, motioned to him and stated, "Is this suit a thing, are you gonna wear it every day?" After Plaintiff replied, "Yes," the instructor leaned over his desk, looked under Plaintiff's desk and further remarked, "with your fancy shoes".

24. Plaintiff was disheartened by the comment as it was incongruous with his first impression of Anthony Schutz as the instructor who claimed that law school is graduate professional school.

25. On September 16, 2025, after Plaintiff submitted an assignment for grading in his "Legal Analysis, Writing and Research" class, instructor David Dirgo marked a large red "X" over one of the paragraphs.

26. During or about the week of September 19, 2025, a disagreement with a fellow student on a group project prevented Plaintiff from continuing an assigned work in Defendant Dirgo's "Legal, Analysis, Writing and Research" class.

27. On September 23, 2025 at approximately 3 pm, Plaintiff reported the September 19, 2025, incident pursuant to school policies to Defendant Brummond.

28. On or about September 29, 2025, six days after the report was made, Defendant Brummond dismissed it as "a professionalism issue, not an intentional effort to disadvantage you."

29. On September 30, 2025 during a scheduled Contracts review session for Defendant Shutz's class, Defendant Brummond, contrary to policy, specifically recited Plaintiff's exam number to him and asked him to verify the exam number and she noted the number by drawing a faint line under the exam number.

30. During a midterm review session on September 30, 2025, at approximately 2:30 pm, Professor Harvey Perlman during Torts class prompted the class for responses to the midterm question. A white female student volunteered her answer first, stating that she identified Battery as a central issue in the question.

31. Plaintiff followed immediately after the student, volunteering his response and explaining that he identified only Negligence and Strict Liability. Professor Perlman quickly interjected, asking, "Isn't that inconsistent with the facts of the case?" Following a brief exchange, the instructor further asked, "So if you were a lawyer and a client came to you with that issue, you wouldn't include Battery in the case?" When Plaintiff responded, "No," the instructor remarked in front of the class, "Well, that's gutsy."

32. There was no pedagogical reason for the comment.

33. There was no reversal either immediately or in the ensuing months of the comment or its nature or what gave rise to it.

34. Plaintiff is no more able to determine as of the date of this complaint why choosing Negligence and Strict Liability over Battery was gutsy or whether gutsy was meant approvingly or disapprovingly.

35. Nonetheless Plaintiff received it disapprovingly.

36. Upon information and belief, for the remainder of the relevant period, other students were not subjected to any similar remarks, had all their questions readily answered and were generally

allowed to offer remarks and volunteer their answers during review sessions, regular classes and cold calls.

37. Plaintiff generally remained quiet in that class for the remainder of the semester.

38. On October 16, 2025 at approximately 10:35 am, after submission of another important assignment and returned feedback, Defendant Dirgo, stated in class, "A lot of law school is hazing…you just have to endure it," and further explained that it happened while he was in law school and continued to remark to the effect "this is what it takes to be a lawyer."

39. Hazing is a class II misdemeanour in Nebraska.

40. The Spring semester began on January 12, 2026.

41. On January 12, 2026 at 12:30 pm Defendant Brummond sent an email to Plaintiff the contents of which are:

"Hello.

> I am writing because you received difficult feedback over the weekend when fall grades were posted. I hope that you've had time to digest these grades and have begun to make arrangements to review your exams with faculty. Doing so is a key learning opportunity about how to adjust this semester and should be prioritized.
>
> It's important that you and I meet sooner than later to discuss the path forward along with opportunities for adjustment. To remain in good standing at the College of Law, you must end your 1L year with a cumulative GPA of a 2.0 or higher. You ended the fall semester with a cumulative GPA below that threshold and therefore are at risk of academic dismissal without significant improvement this semester.

Bambi King will be in touch shortly to schedule a meeting for us either later this week or early next."

42. That meeting was scheduled for January 16, 2026 at 4 pm.

43. The meeting occurred on January 16, 2026 at 4 pm, and Defendant Brummond explained to the Plaintiff that the F grade from Defendant Perlman and a C- grade from Defendant Schutz placed him in jeopardy of not being able to continue in the program.

44. During the meeting, Plaintiff made several disclosures to Defendant Brummond including the impact of Defendant Dirgo's conduct on his mental health, and reported Defendant Schutz and Defendant Perlman's conduct and how the total circumstances exacerbated his mental health diagnoses including potential effects on his bipolar disorder and schizophrenia affective disorder.

45. During the disclosures, Defendant Brummond became explicitly aghast and exclaimed to Plaintiff, "Probably this is not the profession for you!"

46. On January 19, 2026, Professor Danielle C. Jefferis made a false AI usage accusation against Plaintiff in violation of academic policy without any evidentiary support. When Plaintiff disputed the allegation, the instructor resisted correction and specifically identified elements of the reflection as "big claims at high level[s]."

47. She continued to resist the objection and only later stated after sustained objection, "Tyreese. I have marked the assignment complete."

48. Defendant Jefferis made the accusation on the first submitted assignment that was due before classes formally started on January 12, 2026.

49. There was no base level from which she could assess Plaintiff's academic writing style and made her accusation solely on her belief that the reflection did not sound like Plaintiff's voice.

50. She did not know the Plaintiff.

51. She did not know the Plaintiff's voice.

52. She offered to meet with Plaintiff to discuss the issue but when Plaintiff said he was only available by Zoom, she said:

    a. "Absent exceptional circumstances, I hold student hours in person after class on M/T/W. You are welcome to visit any time. If that does not suit you, you are also welcome to speak with me at the podium in the classroom right after class ends."

53. The Plaintiff responded that he will not be able to accept her offer and did not follow up with the instructor about the issue.

54. Upon information and belief, no other students were falsely accused of using AI during this class or for that assignment and were generally afforded deference in their work.

55. On January 20, 2026 at 3 pm, Defendant Brummond and Plaintiff met for a follow up meeting that was attended by the Plaintiff, Defendant Brummond, a school investigator, Mario Scalora, and a campus police officer.

56. During the meeting, the same disclosures from the January 16, 2026 meeting were made.

57. Investigator Scalora repeatedly prompted Plaintiff to determine if a credible threat was imminent and attempted to determine if Plaintiff wanted to medically withdraw from the program.

58. Plaintiff refused a medical withdrawal, objected to further psychological inquiry or any other admittances and objected to the suggested hospitalization.

59. Plaintiff was removed from Defendant Dirgo's class but remained wholly responsible for taking other steps to mitigate his damages.

60. They required Plaintiff to take several actions including: registering with Services for Students with Disabilities, visiting a school therapist with Counselling and Psychological Services and pursuing medication management with Plaintiff's Psychiatrist.

61. During the week of March 14, 2026 to March 21, 2026, Plaintiff used the University's online reporting channels to report all the incidents to the University.

62. On March 16, 2026 Emily Wilsdorf from the school's "Office of Institutional Equity and Compliance" contacted Plaintiff to schedule a meeting to discuss the first incident.

63. On or about March 19, 2026, the same campus police officer from the January 20, 2026 meeting visited Plaintiff at his campus housing apartment to discuss the hazing report.

64. After Plaintiff reiterated the incidents and why he was opting to pursue formal grievance processes, the campus police officer explained that his duty is to determine if a statutory violation occurred.

65. He explained that none occurred and encouraged Plaintiff not to get discouraged by the spate of events.

66. The meeting with Emily Wilsdorf occurred on Tuesday March 24, 2026.

67. Emily Wilsdorf prompted Plaintiff to determine if any overt racial animus was perceived or if any explicit racially discriminatory statements were made.

68. She explained that there was nothing her office could do if no overt racial statements were made and offered to send the complaints back to Defendant Brummond.

69. Plaintiff explained that Defendant Brummond was already aware of all the issues but he would accept her offer to reroute the report(s) back to Defendant Brummond since that is all she was able to do given the lack of overt or explicitly identifiable protected class animus.

70. On March 27, 2026 Defendant Brummond contacted Plaintiff to schedule a meeting to discuss the reports.

71. The parties agreed to meet on April 3, 2026 at 3pm.

72. That meeting occurred on April 3, 2026 at 3 pm.

73. The April 3, 2026 3 pm meeting was attended by Plaintiff, Defendant Brummond and investigator Scalora.

74. Records later revealed that Defendants Brummond and Moberly were aware of the event with Defendant Jefferis from at least January 19, 2026 as Defendant Jefferis emailed Defendant Brummond about the incident in an email titled, "Student of Concern" which Defendant Brummond forwarded to Defendant Moberly at 8:49 pm on January 19, 2026.

75. The text of the email is:

> "Hi Molly,
>
> I wanted to flag this exchange for you and, specifically raise concerns about this student's professionalism and well-being. I'm happy to discuss it at any point.
>
> Danielle."

76. During the April 3, 2026 3 pm meeting Defendant Brummond offered to reroute the specific complaint about Defendant Jefferis back to Jefferis so they could discuss it together.

77. On April 6, 2026 at approximately 11:50 am, Plaintiff was sitting in classroom 109.

78. The location was reserved for the Pound Lecture by Yale Law School Dean, Cristina Rodriguez.

79. Plaintiff was unaware that the event was scheduled for that location but was inside the classroom as his Civil Procedure class with Defendant Jefferis had ended only an hour prior and he usually remained in the classes following their end.

80. Defendant Schutz walked into the classroom from the right, acknowledged Plaintiff, and as he approached the center, touched his suit, as he was wearing one and audibly said, "I am wearing my suit today."

81. Plaintiff did not respond.

82. By this time Plaintiff had stopped wearing his suit and was opting for casual attire: jeans, white collared shirts, and quarter-zip or collared sweaters.

83. Plaintiff was overcome with humiliation by the encounter.

84. On or about the week of June 1, 2026, final grades posted. Plaintiff did not check nor was he aware of his final Spring semester grades.

85. On June 3, 2026, Defendant Molly Brummond sent an email to Plaintiff explicitly explaining that he did not meet the required GPA threshold to remain in Good Academic Standing and that he was formally "not able to continue his legal studies at the College of Law."

86. Plaintiff and Defendant Brummond met on June 4, 2026 at 9:00 am. That meeting was also attended by investigator Scalora where Defendant reiterated the outcome, expressed her sympathies and explained the college's formal readmission process.

87. She explained that the readmission process is very stringent and that the onus will be on the Plaintiff to show what will be different in a new year if he were to be offered readmission.

88. She said:

    a. "Well, I want to express to [sic] you know, I was really rooting for you [sic], Tyrese [sic] and I'm sorry that it [sic] it's [sic] not working out. [sic] Um, um, so

there is a readmission process that you could pursue if you wanted to, um, the readmissions committee highly recommends that students, that are academically dismissed, don't pursue, um, that option until you have sat out a year. Um, and the reason for that is. They only hear petitions 2 times each year. [sic] They hear petitions and I'll put this in a letter and email it to you so you have it written down and can consider what [sic] how you want to move forward. The readmissions committee hears petitions from students 2 times a year. The 1st time is between the dates of July 1st and July 15th. [sic] And the next set of dates is between December 1st and December 15th. [sic] Um, [sic] the reason that they encourage students to sit out a year before submitting a petition is because the standard for readmission is pretty high. [sic] Um, the standard is you have to demonstrate that the, um, That the time that you had with us was an insufficient opportunity. And if you were given another opportunity, that there would be something that should, that had changed, um, to to make this new opportunity. Sufficient. So you have to prove that the opportunity that you had was insufficient. And so, um, Most people that pursue this, um, they take the year. [sic] I mean, they have a whole bunch of reasons for [sic] for what an insufficient opportunity it would be. [sic] Some students say, I didn't have, like, access to medication and to treat my health condition on a consistent basis. Um, I've worked, I've now established a medical... provider in the Linky [sic] and have access to my medication, and that is gonna impact how, um, I am able to approach my studies. Some people say I, um, was diagnosed with, um, something during my time. [sic] Some people say I had several emergencies that I was not able to manage. There's many different reasons

that [sic] people. [sic] Say that [sic] the, say that the opportunity that they had was insufficient. Um, but it often requires time to get things lined up because a petition that says this is what was going on. Um, [sic] and this is what will be different next time. Um, they want proof of how it's gonna be different next time. [sic] And so it often takes time for people to get the things in place, the supports in place that they need to kind of demonstrate that [sic] give them that proof. Um, [sic] and so, you know, it's June. What day is it? June 4th, um, you know, 30 days, less, depending on when that 1st petition deadline is, typically isn't enough time to get enough support in place to demonstrate that the next time would be different. [sic] Um, and so that's why they. Encourage students to take a year, um, determine if this is really the path that they want to pursue. And [sic] if it's Nebraska law, if it is the path they want to pursue, they want to try again at Nebraska law. [sic] Um, and sometimes people decide, Yeah, this is what I want to do, and I do want to be at Nebraska law, and this time, it will be different because of X, Y, Z. [sic] This last time was really an insufficient opportunity. And they're readmitted. Um, sometimes people decide I've got other things that I want to do. I [sic] I got other things I wanna do and I'm gonna pursue those for a while. [sic] I will tell you that the ABA [sic] standard, um, says that a student, once you start law school, You have 7 years to complete your degree from the time you matriculate. So, um. You matriculated here in August of 2025, so that would mean that you have [sic] have to graduate from Nebraska law by August of 2032. Um, so sometimes people take more than a year off, [sic] and they do some other things, they work, they, you know, try other things, and then later they decide to pursue the readmission

process, or readmitted, and, um, And then pursue it. I will tell you, Tyrese, that, um, the committee is pretty stringent. on readmissions. [sic] It's like I said, it's a pretty high standard. Um, so I'll put this all in, I'll write in writing and send it to you so you can see the the [sic] language of, I'll provide you the specific language of the standard for readmission. [sic] Um, I think I have a date for their readmissions, um, committee hearing, maybe. Um, if I do, I'll put it in that and, um, I'll also provide the language of the ABA standard that talks about the 7 years. [sic] So you have that in writing as well. [sic] Does that bring up for [sic] you any [sic] questions? [sic].

89. Plaintiff asked her that given everything that occurred that everyone on the call was aware of, what other processes were available besides sitting out one year and attempting to reapply as a readmit student. She said:

   a. "Um, I don't know that there's a Separate process.[sic] I think that you could share either perspective on those things you've pursued, [sic] um, the other university processes, um, but in terms of readmission, um, the readmissions committee, you know, you could say, you would, you could say these things happen to me, they negatively impacted me. [sic] Um, I had no control over it. [sic] This time it would be different because, um, I would be placed in different sections. [sic] So, um, you know, you would be placed in a different tort [sic] instructors [sic]. um Section, if you were readmitted, for example, um, [sic] But there is no separate process. [sic]."

90. Plaintiff continued to prompt her what other processes were available and she definitively said, "You used all the processes."

91. Plaintiff's final grades across both semesters as they are posted as of June 5, 2026 are:

a. Fall Semester

i. Contracts 5CR C- Schutz

ii. Torts 4CR F Perlman

iii. Criminal Law 3CR C

iv. Legal Analysis and Writing 3CR C

b. Spring Semester

i. Property 5CR C

ii. Civil Procedure 4CR D Jefferis

iii. Constitutional Law 3CR C

iv. Legal Analysis and Writing 3CR C

92. There is a 1:1 ratio with the deficient classes and the named Defendants

a. Fall Semester

i. Contracts 5CR C- Schutz

ii. Torts 4CR F Perlman

b. Spring Semester

i. Civil Procedure 4CR D Jefferis

93. The 1:1 ratio is strictly with the named Defendants with institutional authority at the College of Law who directly targeted Plaintiff.

a. Fall Semester

i. Contracts 5CR C- Schutz

ii. Torts 4CR F Perlman.

b. Spring Semester

i. Civil Procedure 4CR D Jefferis.

94. Plaintiff attended a majority of his classes across all courses both semesters, and was infrequently late.

95. Defendant Hayden operates as Defendant Dirgo's direct supervisor and the named professor for "Legal, Analysis, Writing and Research" on Plaintiff's transcript.

96. Upon information and belief, Defendant Hayden was routinely briefed on the issues occurring in Defendant Dirgo's class and as the named Professor, opted to continue to allow delegation to Defendant Dirgo's professed hazing tactics for the duration of the Fall 2025 semester.

97. Defendant Brummond operates as the direct agent and Chief of Staff for Defendant Dean Moberly. Upon information and belief, Defendant Moberly was routinely briefed on the escalating administrative conflict, explicitly authorized the involvement of investigator Scalora, and security personnel and made no other attempts to offer any other recourse to a grievance channel.

98. Upon information and belief, Defendants Schutz and Brummond routinely worked together, and coordinated specific exam schedules. They maintained regular contact throughout the relevant period and visibly professed to their coordinated activities.

99. As a direct and proximate result of the foregoing conducts, Plaintiff suffered emotional distress, interference with academic participation, negative impact on academic evaluations, general anxiety, and other harms.

## IV. ADMINISTRATIVE BLOCKADE AND FUTILITY OF REMEDIES

100. Plaintiff incorporates by reference paragraphs 1 through 106 as though fully set forth herein

101. Following the groundless AI accusation on January 19, 2026, and the January 20, 2026, March 24, 2026, and April 3, 2026 meeting, Plaintiff was left with no viable administrative recourse to address the hostile environment or the unfair grading nor was he offered any other options to recourse.

102. Although Plaintiff exhaustively reported the ongoing targeting, hazing, and grading issues directly to the administration to Defendant Molly Brummond, the administration actively withheld notice any formal academic grade appeal process, failed to trigger institutional grievance channels, and instead forced Plaintiff to resolve the conflicts directly with the hostile faculty members.

103. Seeking further internal remedies was rendered entirely futile, unavailable, and unsafe due to the administrative blockade by Defendant Brummond and the immediate threat of further faculty retaliation, thereby excusing any administrative exhaustion requirements under federal and state law.

STCA & SCCA CLAIMS

104. On March 27, 2026, Plaintiff filed claims with the State of Nebraska Risk Management Office pursuant to the Nebraska State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq., fully exhausting his administrative remedies regarding the tortious conduct claims.

105. On June 4, 2026, Plaintiff filed a claim with the State of Nebraska Risk Management Office pursuant to the State Contract Claims Act, Neb. Rev. Stat. § 81-8,302 et seq., fully exhausting his administrative remedies regarding the breach of implied contract claims.

FERPA REQUEST & RECORDS

106. On June 6, 2026, Plaintiff made a FERPA request pursuant to 20 U.S.C. § 1232g(a)(1)(A) to inspect his records held by the University of Nebraska-Lincoln and the University of Nebraska College of Law.

107. On June 8, 2026, Assistant General Counsel and Director of University Records, Molly Mcleery, responded to the request and notified Plaintiff that she would make the records available for inspection.

108. On July 20, 2026, AGC-DUR, Molly Mcleery, emailed plaintiff explaining that the records were available for inspection and shared a link with the Plaintiff to open a Microsoft One Drive folder titled, "nu-General Counsel PRR."

SCCA CLAIM OBJECTION

109. On July 23, 2026, in a letter dated. July 21, 2026, Plaintiff received notice from the State Office of Risk Management that the University of Nebraska objected to Plaintiff's submission of Claim 26-14271, contract claim, pursuant to the State Contract Claims Act, Neb. Rev. Stat. § 81-8,302 et seq.

110. STCA CLAIM FINAL DISPOSITION

111. On August 11, 2026, in notices dated July 29, 2026, Plaintiff received correspondences from the State Risk Manager notifying him that the claim board denied his March 27, 2026 STCA claims pursuant to Neb. Rev. Stat. § 81-8,209 et seq.

THE FERPA RECORDS

112. The FERPA records revealed significant and substantial communication among faculty and staff at the University of Nebraska-Lincoln and the University of Nebraska College of Law about the Plaintiff, the majority of which identified him as a "Student of Concern."

113. Notable communications include:

a. September 2, 2025 9:08 am,

i. A Microsoft Teams exchange from Assistant Dean for Admissions, Melissa McCoy, to an unnamed, and unidentified individual, where she says about the Plaintiff:

1. " … he's an odd one and he makes me very nervous to be honest …"

b. September 4, 2025 9:36 pm,

i. An email correspondence from faculty personnel, Sabrina Emhke Seargent, to LAWR instructor, Defendant Hayden, where she acknowledges:

1. "Molly [Defendant Brummond], stopped by to see you but ended up with me (the poor man's substitute, haha). She's asking us to keep her apprised of any attendance or assignment issues with one of our LAWR students, Tyreese Learmond (6 Dirgo). Just FYI!"

c. January 19, 2026 2:45 pm,

i. An email correspondence from Defendant Jefferis to Defendant Brummond, that Defendant Brummand forwarded to Defendant Moberly where Defendant Jefferis writes:

1. "Hi Molly,

I wanted to flag this exchange for you and specifically, raise concerns about this student's professionalism and well-being. I'm happy to discuss at any point.

Danielle."

d. January 30, 2026 8:20 pm,

    i. A Maxient entry by administration personnel, Sarah Frankel-Russell, where she identifies the Plaintiff as a:

        1. "Student of concern, behavioural concerns (aggression, sudden change in behaviour or temperament, excessive need for attention)."

        2. "Behviour/Personal Circumstance is concerning to others, difficulty managing their emotions."

e. February 3, 2026 7:30 am

    i. Instructor Doering emailed Defendant Brummond saying:

        1. "Last night I had my live grading session with Mr. Learmond. All in all, it went well. He was engaged, had questions, seemed to take notes when I answered his questions, and in my opinion, it went well. It seemed like it did anyway.

f. March 13, 2026 7:06 pm

    i. Instructor Colleen Meddill emailed Defendant Brummond saying:

        1. Tyreese is engaged in class discussion in Property and seems very happy. I spoke with him one-on-one after class on Wednesday. His plan for spring break is to focus on outlining and getting ready for final exams (not traveling anywhere, staying here).

        Colleen.

g. March 13, 2026 7:13 pm

i. Instructor Doering emailed Defendant Brummond saying:

1. 'All is well in my class. Tyreese is turning in work and communicating effectively at office hours. … If there is any consternation, I have not seen it and Tyreese has not mentioned it. So far, at least from my perspective, things seem to be going as they should be. … "I have nothing of consequence to report."'

h. March 13, 2026 8:33 pm

i. Defendant Jefferis emailed Defendant Brummond saying:

1. "I meant to mention to you–I think he is doing much better. Just this past week in class he volunteered several answers and participated in the discussion. I have no concerns as of late."

ADMINISTRATIVE NOTIFICATIONS

114. On June 7, 2026, Plaintiff notified the Corporate Secretary of the Board of Regents of the University of Nebraska of his intent to file this action and included a demand for remediation.

115. On July 9, 2026, Plaintiff followed up by notifying the Chief General Counsel and the Corporate Secretary of his expanded claims, his continued interest in filing this action and in informal resolution or mediation.

a. Plaintiff also notified all parties of record that the final day for any such informal resolution shall be August 7, 2026.

b. Despite all attempts at informal resolution, the Defendants offered no opportunity for discussion, and no remediation.

## V. BASIS FOR CLAIMS

116. Plaintiff incorporates by reference paragraphs 1 through 122 as though fully set forth herein.

117. All named Defendants were notified of the issues giving rise to the complaint beginning on January 16, 2026 at 4 pm.

  a. The relevant period encompasses the entire school year.

  b. Defendants employed at the University of Nebraska College of Law were put on notice of the issues on January 16, 2026, March 24, 2026, and June 7, 2026.

  c. Defendant Board of Regents were put on notice of the incidents giving rise to this complaint starting the week of March 15, 2026.

  d. Defendant Board of Regents and State of Nebraska were put on notice of the actual hyper targeting starting the week of March 15, 2026, March 24, 2026, on March 27, 2026, June 4, 2026, and June 7, 2026.

  e. Plaintiff explicitly alleges that the combination of his race, color, suit, and classroom positioning, sitting at or near the front of the class, prompted targeted hostility from the Defendants—as evidenced by the specific derogatory remarks regarding his attire, Defendant Perlman's "gutsy" remark, Defendant Dirgo's "X" and hazing comment and Defendant Jefferis unsubstantiated AI accusation.

  f. Plaintiff explicitly alleges that the named defendants adopted pretext in all their interactions with the Plaintiff.

  g. Plaintiff explicitly alleges that all interactions for the relevant period began as racially motivated micro-agressions that, when Plaintiff responded, expanded into non-physical violent interactions by Defendants, who, continued to reify and

instill in the Plaintiff their understanding that he should not be wearing suits to law school, and sit in the front of the class while being black.

h. Plaintiff explicitly alleges that that very notion guided each Defendant's interactions with the Plaintiff for the relevant period and were confirmed on April 6, 2026 when Defendant Schutz said to Plaintiff in classroom 109, "I am wearing my suit today," when the administration of the University of Nebraska was already aware of all the incidents, the ongoing harassment, and the already established timeline.

i. Therefore, Plaintiff explicitly alleges that the defendants acted recklessly and by June 4, 2026, their actions became implicit in concert to effectuate hazing, a pretextual narrative for academic dismissal, chilling speech and First Amendment violations, and a pretextual narrative to deflect responsibility on to the Plaintiff for him to show how the environment would be better in a subsequent year, the effect of a complete humiliation ritual.

## VI. CLAIMS

### COUNT I: TITLE VI VIOLATION - HOSTILE EDUCATIONAL ENVIRONMENT - BOARD OF REGENTS OF UNIVERSITY OF NEBRASKA AND STATE OF NEBRASKA FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF

118. Plaintiff incorporates by reference paragraphs 1 through 124 as though fully set forth herein.

119. Defendant Board of Regents receives federal financial assistance and is bound by the nondiscrimination requirements of Title VI.

120. Defendant's conduct demonstrated deliberate indifference to Plaintiff's rights. Defendants, acting under color of state law, treated Plaintiff differently from other students of different races and visibility.

121. Plaintiff explicitly alleges that while individual faculty comments avoided overt racial slurs, the targeting relied entirely on coded racial proxies, hyper-surveillance of a highly visible minority student's presence, and bad-faith academic pretexts that were never uniformly applied to Caucasian or non-Black student peers.

122. Plaintiff explicitly alleges that Defendant Jefferis' entirely groundless accusation of an academic policy violation, leveled without any evidentiary support, constituted a racialized hyper-surveillance of Plaintiff's academic work.

123. Upon information and belief, non-Black peers were routinely afforded the presumption of academic honesty and were never subjected to manufactured, evidence-free fraud accusations.

124. Furthermore, Defendant Jefferis' immediate reversal, "Tyreese, I have marked the assignment complete" demonstrates that the academic integrity charge had no sufficient basis.

125. There was no legitimate pedagogical inquiry.

126. All Defendants coordinated systematic retaliatory events to further harass Plaintiff and deprive him of constructive educational environment.

127. All Defendants had actual knowledge of the harassment and hazing, recklessly participated in it and acted with deliberate indifference, allowing the mistreatment to continue, directly causing Plaintiff to suffer emotional distress and material interference with academic participation.

128. As a direct and proximate result of Defendants' actions, by and through their agents' personal and racial animus, Defendants breached the implied contract and Plaintiff suffered emotional and psychological distress, academic disruption, and chilled speech.

COUNT II: BREACH OF IMPLIED CONTRACT - HAZING - THE BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA AND STATE OF NEBRASKA FOR DAMAGES AND INJUNCTIVE RELIEF

129. Plaintiff incorporates by reference paragraphs 1 through 135 as though fully set forth herein.

130. Defendants, the Board of Regents of the University of Nebraska and the State of Nebraska by itself and through its agents at the University of Nebraska College of Law promised Plaintiff professionalism, fairness in academic evaluations and an educational environment free from hazing.

131. The Board of Regents and the State of Nebraska are duty bound to uphold the laws of the State of Nebraska.

132. All applicable state laws and relevant criminal statutes of the State of Nebraska are incorporated into and form an essential part of the implied contract between the Plaintiff and the University.

133. Any violation of these laws by the Defendant constitutes a breach of the implied Contract as established by Nebraska Supreme Court precedents in *Corso v. Creighton.*, 731 F.2d 529 (8th Cir. 1984) and *Ramaekers v. Creighton Univ.*, 320 Neb. 478 (2025).

134. As a direct and proximate result of Defendants' actions, by and through their agents' personal and racial animus, Defendants breached the implied contract and Plaintiff suffered emotional and psychological distress, academic disruption, and chilled speech.

COUNT III: BREACH OF IMPLIED CONTRACT - CHILLED SPEECH AND EXPRESSION - BOARD OF REGENTS OF UNIVERSITY OF NEBRASKA AND STATE OF NEBRASKA FOR DAMAGES AND INJUNCTIVE RELIEF

135. Plaintiff incorporates by reference paragraphs 1 through 141 as though fully set forth herein.

136. An implied contract existed between Plaintiff and Defendant Board of Regents of the University of Nebraska, arising from the university's official policies, student codes of conduct, guarantees of academic freedom, and explicit institutional commitments to free expression.

137. Under the terms of this implied contract, Defendant promised and obligated itself to protect, respect, and refrain from interfering with the constitutional and institutional rights of its matriculated students to engage in protected speech, expression, and symbolic dress within the academic environment.

138. Defendant materially breached this implied contract, by and through its agents and faculty members, when they intentionally targeted, penalized, and maintained a sustained derogatory campaign against Plaintiff's choice of attire and expressive dress, thereby actively chilling his protected speech and forcing him to alter his expression.

139. As a direct and proximate result of Defendant's material breach, Plaintiff suffered substantial damages, including chilled speech, academic disruption, and emotional distress.

COUNT IV: NEGLIGENCE / NEGLIGENT SUPERVISION - BOARD OF REGENTS OF UNIVERSITY OF NEBRASKA AND STATE OF NEBRASKA FOR DAMAGES

140. Plaintiff incorporates by reference paragraphs 1 through 146 as though fully set forth herein.

141. Defendant Board of Regents, through its administration at the University of Nebraska College of Law, owed a legal duty to its matriculated students to provide a safe, non-hostile, and professionally responsible educational environment. This includes an affirmative duty to protect students from known risks of academic misconduct, arbitrary and capricious academic evaluations, psychological harassment, systematic retaliation and unlawful hazing by its employees.

142. Defendant Board of Regents owed a specific duty to properly train, supervise, and control its faculty members, administrators, and deans to ensure they comply with university policies, Nebraska's anti-hazing statute, and basic standards of pedagogical professionalism.

143. Defendant Board of Regents, by and through its agents (including Brummond, and Moberly), breached these duties by

a. Failing to intervene and take corrective remediation steps after receiving explicit, direct notice of escalating faculty hostility, arbitrary and capricious academic evaluations, and hazing and harassment practices.

b. Negligently delegating further instructional and administrative authority to individuals who were already actively named in reports.

c. Failure to follow their own grievance policies and procedures and make available stated academic evaluation appeal policies.

144. For the relevant period, the individual faculty and administrative Defendants were acting within the course and scope of their employment. Consequently, Defendant Board of Regents is vicariously liable for their tortious and negligent conduct.

145. As a direct and proximate result of the Defendant's negligence, negligent supervision, and failure to maintain a safe educational environment, Plaintiff suffered pain and suffering,

severe academic disruption leading to formal separation, material interference with his legal education, substantial long-term financial damages and permanent and severe emotional distress.

COUNT V: NEGLIGENCE - HAZING BY RECKLESSNESS - AGAINST ALL INDIVIDUAL DEFENDANTS FOR DAMAGES AND INJUNCTIVE RELIEF

146. Plaintiff incorporates by reference paragraphs 1 through 152 as though fully set forth herein.

147. Defendants' conducts exhibited a reckless disregard for the Plaintiff's safety, and emotional wellbeing.

148. The Defendants, individually and in their official and professional capacities, owed a duty of care to the Plaintiff to refrain from conduct that would foreseeably result in physical or mental harm, including the duty to refrain from engaging in, facilitating, or ignoring hazing activities as defined under Neb. Rev. Stat. § 28-311.06.

149. The Defendants breached this duty by engaging in a pattern of targeted hostility, intimidation, and academic harassment that constituted "hazing" by creating an environment designed to humiliate, exclude, and mentally destabilize the Plaintiff. This conduct included, but was not limited to:

- the use of targeted, derogatory remarks concerning Plaintiff's protected symbolic speech and expression, his suit.
- the systematic "hyper-surveillance" of the Plaintiff's academic work, including the unsubstantiated and bad-faith AI usage accusations leveled by Defendant Jefferis.
- Defendant Brummond's dismissal of Plaintiff's formal reports of mistreatment.

- the weaponization of academic evaluation metrics, as evidenced by the 1:1 ratio of targeted incidents between the Plaintiff and the named Defendants, which resulted in academic separation and,
- the Defendants' disregard for the Plaintiff's safety and wellbeing.

150. They were placed on actual notice of the Plaintiff's severe emotional distress and existing mental health diagnoses on January 16, 2026, and again on January 20, 2026.

151. Despite this explicit knowledge, they persisted, ratified, and escalated the conduct(s) described herein.

152. A reasonable person in Defendants' position would know that this course of conduct, commenting on a first year law student's attire, publicly undermining his intellectual capacity, levelling false accusations, and refusing to address legitimate grievances, would create a substantial and unjustifiable risk of causing severe psychological and academic harm to any reasonable person.

153. Reasonable people in Defendants' position would know that they were doing something wrong.

154. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered severe emotional distress, anxiety, academic disruption, and total loss of his educational opportunity at the University of Nebraska College of Law.

COUNT VI: 42 U.S.C. § 1983: 42 U.S.C. § 1983: EQUAL PROTECTION VIOLATION – ALL DEFENDANTS FOR DAMAGES AND INJUNCTIVE RELIEF

155. Plaintiff incorporates by reference paragraphs 1 through 161 as though fully set forth herein.

156. The Fourteenth Amendment to the United States Constitution guarantees to all persons the equal protection of the laws, prohibiting state actors from treating similarly situated individuals differently without a rational basis.

157. At all times relevant, the individual Defendants, acting under color of state law, intentionally subjected Plaintiff to disparate treatment.

158. Plaintiff was uniquely targeted by Defendants through a pattern of demeaning behaviours including but not limited to, derogatory verbal abuse regarding his attire, the intentional weaponization of academic feedback, and unsubstantiated academic misconduct accusations.

159. The University permitted all of the aforementioned conducts to persist without intervention.

160. The treatments described were not rationally related to any legitimate academic or administrative interest.

161. They were motivated by discriminatory animus and a deliberate intent to foster a hostile and exclusionary environment adverse to the Plaintiff.

162. It was their intention to deprive him of his right to equal protection under the laws and constitutions of the State of Nebraska and the United States of America.

163. As a direct and proximate result of Defendants' personal and racial animus, Plaintiff suffered emotional and psychological distress.

COUNT VII: 42 U.S.C. § 1983: PROCEDURAL DUE PROCESS VIOLATION - BRUMMOND/MOBERLY FOR DAMAGES AND INJUNCTIVE RELIEF

164. Plaintiff incorporates by reference paragraphs 1 through 170 as though fully set forth herein.

165. Plaintiff possesses protected liberty and property interests in continued enrollment, personal autonomy, and fair academic evaluation.

166. Defendants deprived Plaintiff of procedural fairness and protected interests in fair academic evaluations, academic standing, and participation with fair process, notice, or access to independent review.

167. Defendant Brummond did not inform Plaintiff at the beginning of the Spring semester of the law college's formal grade appeal process and actively withheld knowledge of that process for the relevant period.

168. During the formal separation meeting, she again did not offer the process and explicitly said, "You exhausted all the processes."

169. Defendants maliciously used coercive administrative measures and threatened the deprivation of Plaintiff's personal liberty interests, such as right to be free from unreasonable seizures, to force his compliance with mandatory counselling, repetitive discussions with a violence investigator and attempt to control his ability to report the faculty and administration's conduct to the University using emotional manipulation and bare faced forced measures to guide his separation from the university using the "math out" result as their justification.

170. As a direct and proximate result of Defendants' personal and racial animus, Plaintiff was unable to make use of the Law College's academic evaluation appeal processes to contest the deficient grades and suffered damages in the form of biased, arbitrary and capricious academic evaluations, discontinued enrollment and emotional and psychological distress.

## COUNT VIII: FIRST AMENDMENT VIOLATIONS: CHILLING OF PROTECTED SPEECH AND EXPRESSION - AGAINST DEFENDANTS SCHUTZ, DIRGO, PERLMAN, JEFFERIS AND BRUMMOND IN THEIR INDIVIDUAL CAPACITIES FOR DAMAGES AND INJUNCTIVE RELIEF, AND THE BOARD OF REGENTS OF UNIVERSITY OF NEBRASKA AND STATE OF NEBRASKA FOR INJUNCTIVE RELIEF

171. Plaintiff incorporates by reference paragraphs 1 through 177 as though fully set forth herein.

172. Plaintiff's attire constituted protected symbolic speech and expression under the First Amendment. U.S. Const. amend. I.

173. This constitutional protection applies equally to the States and their public institutions and instruments through the Fourteenth Amendment. *See Gitlow v. New York*, 268 U.S. 652, 666 (1925).

174. Plaintiff's choice of speech and expression were chilled by Defendants Schutz, Dirgo, Perlman, Jefferis and Brummond when they:

   a. Continuously maintained comments on his attire, suit and shoes, expressing disapproval and disgust, and even dismay

   b. Alluded to his choice of speech and expression in their electronic correspondences with the Plaintiff and expressed disapproval and disgust at his chosen mode of expression and speech.

   c. Attacked his intellectual capacities and judgement(s) and resolved to personal attacks on his affect as an individual

d. Attacked his academic integrity and resolved to sustain those attacks without support and against his objections.

175. Defendants' actions would deter an individual of ordinary firmness from continuing to engage in protected speech and expression.

176. The chilling effects were effectuated when he reduced classroom speech, and stopped wearing the suit by mid-February.

177. As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries in the form of chilled speech, and emotional distress.

COUNT IX: ADA VIOLATIONS - THE BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA AND STATE OF NEBRASKA FOR DAMAGES AND INJUNCTIVE RELIEF

178. Plaintiff incorporates by reference paragraphs 1 through 184 as though fully set forth herein.

179. Defendants Board and State were notified of Plaintiff's claim for Accommodations under the American with Disabilities Act, had actual and explicit notice of his diagnoses of Bipolar Disorder and Schizoaffective Disorder, and openly recognized his need for accommodation by directly providing and expanding his access to institutional mental health therapy sessions for the Plaintiff.

180. However, by and through their agent(s) at the Students for Services with Disabilities office, Pablo Rangel, they failed to provide Plaintiff with any reasonable accommodations, failed to engage in a meaningful interactive process, and instead subjected him to administrative barriers.

181. Despite this explicit institutional recognition of Plaintiff's disabilities and needs, Defendants failed to provide corresponding necessary academic accommodations, failed to engage in a meaningful interactive process regarding his education, and instead allowed academic barriers to result in his formal separation.

182. As a direct and proximate result of Defendants' deliberate indifference and complete failure to provide any accommodations or his disability, Plaintiff was denied equal access to his legal education, suffered severe academic disruption leading to formal separation, and experienced severe emotional distress.

COUNT X: DEFAMATION - DEFENDANT JEFFERIS FOR DAMAGES AND INJUNCTIVE RELIEF

183. Plaintiff incorporates by reference paragraphs 1 through 189 as though fully set forth herein.

184. Defendant Jefferis communicated, on the nexus of verifiably false statements that she uttered, an implicitly derogatory statement to a third party, Defendant Brummond, who communicated those same statements, in their original forms, to Defendant Moberly.

185. Defendant Jefferis' actions constituted libel and any spoken utterances she made following those written statements constituted slander.

186. Her intention was to injure the Plaintiff's academic capabilities and integrity.

187. She had reasonable avenues and tools available to her to verify the truth value of her statements prior to uttering them. Her failure to do so, retract her statements, or reverse their effect was negligent.

188. As a direct and proximate result of her conduct, Plaintiff suffered academic reputational harm resulting in the systematic deprivation of his property interests as a student at a public university.

COUNT XI: CIVIL CONSPIRACY: AGAINST ALL INDIVIDUAL DEFENDANTS FOR DAMAGES AND INJUNCTIVE RELIEF

189. Plaintiff incorporates by reference paragraphs 1 through 195 as though fully set forth herein.

190. Defendants Schutz, Dirgo, Hayden, Perlman, Jefferis, Brummond, and Moberly, acting implicitly in concert and in their individual capacities, entered into a common agreement, outside the scope of their employment duties, to come to a common understanding, and design through tacit authorization to accomplish an unlawful purpose, to relinquish the Plaintiff of his property interest in remaining enrolled, through unlawful and tortious means, including, professed hazing, coordinated attacks on Plaintiff's intellectuality, attire, behavior, and levelling false accusations about his academic work, and conduct.

191. The principal objective of this conspiracy was to systematically undermine Plaintiff's academic standing, weaponize administrative and grading processes, subject Plaintiff to unlawful hazing tactics, deliberately block Plaintiff from accessing university grievance mechanisms, and deliberately block Plaintiff from advancing ultimately resulting in his constructive or formal separation from the University of Nebraska College of Law.

192. In furtherance of this conspiracy, the Defendants recklessly and implicitly acted in concert, committing overt acts, including but not limited to:

a. Coordinating arbitrary and capricious academic evaluation standards and documentation to create a pretextual narrative of academic failure.

b. Jointly refusing to process, hear, and offer formal grade appeals or advance institutional grievances beyond the named Defendants.

c. Actively discouraging, misleading, and prohibiting Plaintiff from seeking outside administrative or legal remedies.

193. The object of the combination was accomplished by implied concert means.

194. As a direct and proximate result of the implicit agreement and overt actions of the conspirators, Plaintiff was deprived of his education, suffered damages, and sustained other educational losses.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyreese Learmond respectfully requests that this Court enter judgment in his favor and against Defendants, granting the following relief:

A. Enter a declaratory judgment that the acts, omissions, and practices of Defendants as described herein violate Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Constitution of the United States and the Constitution of the State of Nebraska;

B. Award Plaintiff compensatory, economic, and consequential damages against all Defendants in their applicable and respective capacities, jointly and severally as to all economic damages and severally as to all non-economic damages, in an amount to be proven at trial for academic disruption, loss of educational opportunity, substantial financial losses, chilled speech effects, first amendment retaliation, breach of implied of contract, ada violations.

C. Issue an injunction directing Defendant The Board of Regents of the University of Nebraska and the State of Nebraska to immediately cease all hazing rituals, tactics, and activities by the faculty and administration of the University of Nebraska College of Law;

D. Award Plaintiff reasonable fees and the costs of this action pursuant to 42 U.S.C. § 1983 and other applicable laws; and

E. Grant Plaintiff such other, further, or alternative relief as this Court may deem just, proper, or equitable.

## VIII: JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims so triable.

Date: August 17, 2026
/s/ Tyreese Learmond
301 Centennial Mall South
P.O. Box 94634
Lincoln NE 68508
tyreeselearmond@astreet.cloud
Plaintiff, *pro se.*

IX. VERIFICATION

STATE OF NEBRASKA )

) ss.

COUNTY OF LANCASTER )

I, Tyreese Learmond, duly sworn, state that I am the Plaintiff in the above-captioned action, that I read the foregoing Complaint and know the contents thereof, and that the same are true of my own knowledge, except as to the matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

Tyreese Learmond

Subscribed and sworn to before me this 11th day of August, 2026.

Notary Public

GENERAL NOTARY - State of Nebraska
DIANA J. MENDEZ
My Comm. Exp. Dec. 28, 2026

 CI 26-3107

IN THE THIRD JUDICIAL DISTRICT COURT OF LANCASTER COUNTY

NEBRASKA

Tyreese Learmond,

Plaintiff,

v.

Anthony B. Schutz, Professor, University of Nebraska College of Law;

David C. Dirgo, Adjunct Instructor, University of Nebraska College of Law;

Chelsi K. Hayden, Professor, University of Nebraska College of Law;

Harvey S. Perlman, Professor, University of Nebraska College of Law;

Danielle Cheree Jefferies, Professor, University of Nebraska College of Law;

Molly M. Brummond, Professor and Associate Dean, University of Nebraska College of Law;

Richard Edward Moberly, Dean and Professor, University of Nebraska College of Law;

The Board of Regents of the University of Nebraska;

State of Nebraska.

Defendants.

LANCASTER COUNTY
2026 AUG 17 PM 3:05
CLERK OF THE
DISTRICT COURT

CASE NO: CI 26-3107

PRAECIPE FOR SUMMONS

To the Clerk of the Court please issue a copy of the Summons and Complaint for service on each of the following Defendants or their agents at the addresses listed below for delivery by certified mail:

002274426D02

<u>Anthony B. Schutz</u>

First Attempt: 6811 NW 8TH ST,

Lincoln, NE 68521

Second Attempt: c/o University of Nebraska College of Law,

McCollum Hall

1875 N. 42nd Street

Lincoln, NE 68583-0902

Third Attempt: c/o The Board of Regents of the University of Nebraska,

Varner Hall

3835 Holdrege Street

Lincoln, NE 68583

<u>David Dirgo</u>

First Attempt: c/o University of Nebraska College of Law,

McCollum Hall

1875 N. 42nd Street

Lincoln, NE 68583-0902

Second Attempt: c/o The Board of Regents of the University of Nebraska,

Varner Hall

3835 Holdrege Street

Lincoln, NE 68583

<u>Chelsi K. Hayden</u>

First Attempt: c/o The Board of Regents of the University of Nebraska,

McCollum Hall

1875 N. 42nd Street

Lincoln, NE 68583-0902

Second Attempt: c/o The Board of Regents of the University of Nebraska,

Varner Hall

3835 Holdrege Street

Lincoln, NE 68583

Harvey S. Perlman

First Attempt: 9101 Pioneer Ct.

Lincoln, NE 68520

Second Attempt: c/o University of Nebraska College of Law,

McCollum Hall

1875 N. 42nd Street

Lincoln, NE 68583-0902

Third Attempt: c/o The Board of Regents of the University of Nebraska,

Varner Hall

3835 Holdrege Street

Lincoln, NE 68583

Danielle C. Jefferies

First Attempt: 1447 Washington St.

Lincoln, NE 68502

Second Attempt: c/o University of Nebraska College of Law,

McCollum Hall

1875 N. 42nd Street

Lincoln, NE 68583-0902

Third Attempt: c/o The Board of Regents of the University of Nebraska,

Varner Hall

3835 Holdrege Street

Lincoln, NE 68583

Molly M. Brummond

First Attempt: 5840 S 88 ST

Lincoln, NE 68526

Second Attempt: c/o University of Nebraska College of Law,

McCollum Hall

1875 N. 42nd Street

Lincoln, NE 68583-0902

Third Attempt: c/o The Board of Regents of the University of Nebraska,

Varner Hall

3835 Holdrege Street

Lincoln, NE 68583

Richard Edward Moberly

First Attempt: 2600 Rathbone Rd

Lincoln, NE 68502

Second Attempt: c/o University of Nebraska College of Law,

McCollum Hall

1875 N. 42nd Street

Lincoln, NE 68583-0902

Third Attempt: c/o The Board of Regents of the University of Nebraska,

Varner Hall

3835 Holdrege Street

Lincoln, NE 68583

The Board of Regents of the University of Nebraska

First Attempt: c/o Corporate Secretary

Varner Hall

3835 Holdrege Street

Lincoln, NE 68583

Second Attempt: State of Nebraska

c/o Office of the Attorney General

1445 K Street, Room 2115

Lincoln, NE 68508

State of Nebraska

State of Nebraska

c/o Office of the Attorney General

1445 K Street, Room 2115

Lincoln, NE 68508

Dated: August 17, 2026

/s/ Tyreese Learmond
301 Centennial Mall South
P.O. Box 94634
Lincoln NE 68508
tyreeselearmond@astreet.cloud
Plaintiff, *pro se*.

Image ID:
D00788725D02

# SUMMONS

Doc. No. 788725

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Anthony Schutz

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
CLERK

COURT COPY

Image ID:
D00788725D02

**SUMMONS**

Doc. No. 788725

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Anthony Schutz
6811 NW 8th St
Lincoln, NE 68521

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

## SERVICE RETURN

Doc. No. 788725

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

__________________________________________________________________________

by ________________________________________________________________________

__________________________________________________________________________

__________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: ______________________________________________________

__________________________________________________________________________

__________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

__________________________________________

Postage $ ___________ Attorney for: __________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Anthony Schutz
6811 NW 8th St

Lincoln, NE 68521

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788726D02

# SUMMONS

Doc. No. 788726

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Anthony Schutz

**FILED BY**
Clerk of the Lancaster District Court
**08/18/2026**

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788726D02

**SUMMONS**

Doc. No. 788726

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Anthony Schutz
c/o UNL College of Law
1875 N 42nd Street
Lincoln, NE 68583-0902

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788726

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

__________________________________________________________________________

by ______________________________________________________________________

__________________________________________________________________________

__________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: _______________________________________________________

__________________________________________________________________________

__________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

__________________________________________

Postage $ ___________ Attorney for: __________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Anthony Schutz
c/o UNL College of Law
1875 N 42nd Street
Lincoln, NE 68583-0902

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788727D02

**SUMMONS**

Doc. No. 788727

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Anthony Schutz

**FILED BY**
Clerk of the Lancaster District Court
**08/18/2026**

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
CLERK

COURT COPY

Image ID:
D00788727D02

**SUMMONS**

Doc. No. 788727

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Anthony Schutz
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788727

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________, _______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

___________________________________________________________________________

by ________________________________________________________________________

___________________________________________________________________________

___________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: _______________________________________________________

___________________________________________________________________________

___________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

___________________________________________

Postage $ ___________ Attorney for: ___________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Anthony Schutz
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788728D02

# SUMMONS

Doc. No. 788728

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: David Dirgo

**FILED BY**
Clerk of the Lancaster District Court
**08/18/2026**

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: [signature]
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788728D02

**SUMMONS**

Doc. No. 788728

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

David Dirgo
c/o UNL College of Law
McCollum Hall, 1875 N 42nd Street
Lincoln, NE 68583-0902

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788728

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

___________________________________________________________________________

by ________________________________________________________________________

___________________________________________________________________________

___________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: _________________________________________________________

___________________________________________________________________________

___________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

___________________________________________

Postage $ ___________ Attorney for: ___________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: David Dirgo
c/o UNL College of Law
McCollum Hall, 1875 N 42nd Street
Lincoln, NE 68583-0902

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788729D02

# SUMMONS

Doc. No. 788729

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: David Dirgo

**FILED BY**
Clerk of the Lancaster District Court
**08/18/2026**

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788729D02

**SUMMONS**

Doc. No. 788729

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

David Dirgo
c/o Board of Regents of UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

## SERVICE RETURN

Doc. No. 788729

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

______________________________________________________________

by ____________________________________________________________

______________________________________________________________

______________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________

At the following address: ______________________________________________

______________________________________________________________

______________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

______________________________________

Postage $ ___________ Attorney for: ______________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: David Dirgo
c/o Board of Regents of UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788730D02

**SUMMONS**

Doc. No. 788730

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Chelsi K Hayden

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: [signature]
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788730D02

**SUMMONS**

Doc. No. 788730

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Chelsi K Hayden
c/o The Board of Regents of UNL
McCollum Hall, 1875 N 42nd Street
Lincoln, NE 68583-0902

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

## SERVICE RETURN

Doc. No. 788730

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

__________________________________________________________________________

by ________________________________________________________________________

__________________________________________________________________________

__________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: ________________________________________________________

__________________________________________________________________________

__________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

__________________________________________

Postage $ ___________ Attorney for: __________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Chelsi K Hayden
c/o The Board of Regents of UNL
McCollum Hall, 1875 N 42nd Street
Lincoln, NE 68583-0902

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID: D00788731D02

# SUMMONS

Doc. No. 788731

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Chelsi K Hayden

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788731D02

**SUMMONS**

Doc. No. 788731

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Chelsi K Hayden
c/o The Board of Regents of UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

## SERVICE RETURN

Doc. No. 788731

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

__________________________________________________________________________

by ________________________________________________________________________

__________________________________________________________________________

__________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: ______________________________________________________

__________________________________________________________________________

__________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

___________________________________________

Postage $ ___________ Attorney for: ___________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Chelsi K Hayden
c/o The Board of Regents of UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788732D02

# SUMMONS

Doc. No. 788732

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Harvey S Perlman

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788732D02

**SUMMONS**

Doc. No. 788732

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Harvey S Perlman
9101 Pioneer Ct
Lincoln, NE 68520

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

## SERVICE RETURN

Doc. No. 788732

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

___________________________________________________________

by ________________________________________________________

___________________________________________________________

___________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________

At the following address: ____________________________________

___________________________________________________________

___________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

___________________________________________

Postage $ ___________ Attorney for: ___________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Harvey S Perlman
9101 Pioneer Ct

Lincoln, NE 68520

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788733D02

**SUMMONS**

Doc. No. 788733

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Harvey S Perlman

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788733D02

# SUMMONS

Doc. No. 788733

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Harvey S Perlman
c/o UNL College of Law
1875 N 42nd Street
Lincoln, NE 68583-0902

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788733

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

__________________________________________________________________

by _______________________________________________________________

__________________________________________________________________

__________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ____________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ____________________________________________________________

At the following address: ____________________________________________________

__________________________________________________________________

__________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

__________________________________________

Postage $ ___________ Attorney for: __________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Harvey S Perlman
c/o UNL College of Law
1875 N 42nd Street
Lincoln, NE 68583-0902

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788734D02

# SUMMONS

Doc. No. 788734

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Harvey S Perlman

**FILED BY**
Clerk of the Lancaster District Court
**08/18/2026**

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788734D02

**SUMMONS**

Doc. No. 788734

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Harvey S Perlman
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

**SERVICE RETURN** Doc. No. 788734

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

__________________________________________________________

by ______________________________________________________

__________________________________________________________

__________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________

At the following address: ______________________________________

__________________________________________________________

__________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

__________________________________

Postage $ ___________ Attorney for: __________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Harvey S Perlman
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID: D00788735D02

# SUMMONS

Doc. No. 788735

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Danielle C Jefferies

**FILED BY**
Clerk of the Lancaster District Court
**08/18/2026**

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788735D02

**SUMMONS**

Doc. No. 788735

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Danielle C Jefferies
1447 Washington St
Lincoln, NE 68502

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788735

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

____________________________________________________________

by ____________________________________________________________

____________________________________________________________

____________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ____________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ____________________________________________________________

At the following address: ____________________________________________________________

____________________________________________________________

____________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

____________________________________________

Postage $ ___________ Attorney for: ____________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Danielle C Jefferies
1447 Washington St

Lincoln, NE 68502

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788736D02

# SUMMONS

Doc. No. 788736

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Danielle C Jefferies

**FILED BY**
Clerk of the Lancaster District Court
**08/18/2026**

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
CLERK

COURT COPY

Image ID:
D00788736D02

**SUMMONS**

Doc. No. 788736

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Danielle C Jefferies
c/o UNL College of Law
McCollum Hall, 1875 N 42nd Street
Lincoln, NE 68583-0902

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788736

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

______________________________________________________________

by ____________________________________________________________

______________________________________________________________

______________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________

At the following address: ____________________________________

______________________________________________________________

______________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

______________________________________

Postage $ __________ Attorney for: ______________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Danielle C Jefferies
c/o UNL College of Law
McCollum Hall, 1875 N 42nd Street
Lincoln, NE 68583-0902

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID: D00788739D02

**SUMMONS**

Doc. No. 788739

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Danielle C Jefferies

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: [signature]
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788739D02

# SUMMONS

Doc. No. 788739

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Danielle C Jefferies
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

## SERVICE RETURN

Doc. No. 788739

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

______________________________________________________________________

by ____________________________________________________________________

______________________________________________________________________

______________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ____________________________________________________________

At the following address: ______________________________________________________

______________________________________________________________________

______________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

__________________________________________

Postage $ ___________ Attorney for: __________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Danielle C Jefferies
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788740D02

**SUMMONS**

Doc. No. 788740

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Molly M Brummond

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788740D02

**SUMMONS**

Doc. No. 788740

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Molly M Brummond
5840 S 88 St
Lincoln, NE 68526

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788740

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

____________________________________________________________

by __________________________________________________________

____________________________________________________________

____________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ________________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ____________________________________________________

At the following address: ____________________________________________

____________________________________________________________

____________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

____________________________________________

Postage $ ___________ Attorney for: ____________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Molly M Brummond
5840 S 88 St

Lincoln, NE 68526

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788741D02

**SUMMONS**

Doc. No. 788741

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Molly M Brummond

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
CLERK

COURT COPY

Image ID:
D00788741D02

**SUMMONS**

Doc. No. 788741

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Molly M Brummond
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788741

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

___________________________________________________________________________

by _________________________________________________________________________

___________________________________________________________________________

___________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ________________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: _______________________________________________________

___________________________________________________________________________

___________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

____________________________________________

Postage $ ___________ Attorney for: ____________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Molly M Brummond
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788742D02

# SUMMONS

Doc. No. 788742

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Richard E Moberly

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
CLERK

COURT COPY

Image ID:
D00788742D02

**SUMMONS**

Doc. No. 788742

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Richard E Moberly
2600 Rathbone Rd
Lincoln, NE 68502

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788742

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

___________________________________________________________________________

by _________________________________________________________________________

___________________________________________________________________________

___________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: ____________________________________________________

___________________________________________________________________________

___________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

___________________________________________

Postage $ ___________ Attorney for: ___________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Richard E Moberly
2600 Rathbone Rd

Lincoln, NE 68502

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID: D00788743D02

# SUMMONS

Doc. No. 788743

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Richard E Moberly

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA — CLERK

COURT COPY

Image ID: D00788743D02

**SUMMONS**

Doc. No. 788743

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Richard E Moberly
c/o UNL College of Law
McCollum Hall,1875 N 42nd Street
Lincoln, NE 68583-0902

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

## SERVICE RETURN

Doc. No. 788743

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

__________________________________________________________________________

by _______________________________________________________________________

__________________________________________________________________________

__________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: ______________________________________________________

__________________________________________________________________________

__________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

__________________________________________

Postage $ ___________ Attorney for: __________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Richard E Moberly
c/o UNL College of Law
McCollum Hall,1875 N 42nd Street
Lincoln, NE 68583-0902

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788744D02

# SUMMONS

Doc. No. 788744

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: Richard E Moberly

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
CLERK

COURT COPY

Image ID: D00788744D02

**SUMMONS**

Doc. No. 788744

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Richard E Moberly
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

## SERVICE RETURN

Doc. No. 788744

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, _______ at ________ o'clock __M. I served copies of the Summons upon the party:

______________________________________________________________

by ___________________________________________________________

______________________________________________________________

______________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ________________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ________________________________________________________

At the following address: ____________________________________________

______________________________________________________________

______________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

________________________________________

Postage $ ___________ Attorney for: ________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: Richard E Moberly
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00788745D02

# SUMMONS

Doc. No. 788745

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: The Board of Regents of the UNL

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
CLERK

COURT COPY

Image ID:
D00788745D02

**SUMMONS**

Doc. No. 788745

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

The Board of Regents of the UNL
c/o Corporate Secretary
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788745

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

___________________________________________________________________________

by ________________________________________________________________________

___________________________________________________________________________

___________________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ________________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ________________________________________________________________

At the following address: ________________________________________________________

___________________________________________________________________________

___________________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

____________________________________________

Postage $ ___________ Attorney for: ____________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: The Board of Regents of the UNL
c/o Corporate Secretary
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID: D00788746D02

**SUMMONS**

Doc. No. 788746

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: The Board of Regents of the UNL

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA CLERK

COURT COPY

Image ID:
D00788746D02

**SUMMONS**

Doc. No. 788746

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

The Board of Regents of the UNL
c/o State of NE,Office of Atty Gen
1445 K Street, Room 2115
Lincoln, NE 68508

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

## SERVICE RETURN

Doc. No. 788746

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

______________________________________________________________________

by ____________________________________________________________________

______________________________________________________________________

______________________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ______________________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________________________

At the following address: ___________________________________________________

______________________________________________________________________

______________________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

__________________________________________

Postage $ __________ Attorney for: __________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: The Board of Regents of the UNL
c/o State of NE,Office of Atty Gen
1445 K Street, Room 2115
Lincoln, NE 68508

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID: D00788747D02

# SUMMONS

Doc. No. 788747

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

Tyreese Learmond v. Anthony Schutz

Case ID: CI 26 3107

TO: State of Nebraska

**FILED BY**
Clerk of the Lancaster District Court
08/18/2026

You have been sued by the following plaintiff(s):

Tyreese Learmond

Plaintiff: Tyreese Learmond

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 18, 2026 BY THE COURT: ______________________
Clerk

DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
CLERK

COURT COPY

Image ID:
D00788747D02

**SUMMONS**

Doc. No. 788747

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

State of Nebraska
c/o Office of the Attorney General
1445 K Street,Room 2115
Lincoln, NE 68508

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

COURT COPY

# SERVICE RETURN

Doc. No. 788747

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,________. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

_______________________________________________

by _______________________________________________

_______________________________________________

_______________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ________________________ BY: ________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _______________________________________________

At the following address: _______________________________________________

_______________________________________________

_______________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

_______________________________________________

Postage $ ___________ Attorney for: _______________________________________________

The return receipt for mailing to the party was signed on ________________, _______.

To: State of Nebraska
c/o Office of the Attorney General
1445 K Street,Room 2115
Lincoln, NE 68508

From: Tyreese Learmond

COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

## SERVICE RETURN

Doc. No. 788727

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on __________, _____. I hereby certify that on __________, _____ at _____ o'clock __M. I served copies of the Summons upon the party:

____________________

by ____________________

as required by Nebraska state law.

Service and return $ _____

Copy _____

Mileage ____ miles _____

TOTAL $ _____

Date: __________ BY: __________
(Sheriff or authorized person)

LANCASTER COUNTY
2026 AUG 24 PM 3:
CLERK OF THE
DISTRICT COURT

## CERTIFIED MAIL PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Anthony Schutz

At the following address: C/o Board of Regents of University of Nebraska, Varner Hall 3835 Holdrege St Lincoln NE 68503

on the 20 day of August 2026, as required by Nebraska state law.

[signature]

Postage $ 14.82 Attorney for: __________

The return receipt for mailing to the party was signed on August, 20 2026

To: Anthony Schutz
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

002279268D02

MN

ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

3835 Holdrege St
Lincoln NE 68503

9590 9402 9063 4122 1095 80

2. Article Number (Transfer from service label)

9589 0710 5270 3702 4872 99

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
8-20-24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Nebraska-Lincoln
University Services
Mail & Distribution Services
1100 N. 17th St.
P.O. Box 880699
Lincoln, NE 68588-0699

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Lincoln, NE 68503

| | |
|---|---|
| Certified Mail Fee | $5.55 |
| Extra Services & Fees (check box, add fee as appropriate) | $4.45 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ $0.00 |
| Postage | $ $4.62 |
| Total Postage and Fees | $ $14.62 |

Postmark Here

LINCOLN NE STATE HOUSE STA 68509 AUG 19 2024 USPS

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

9589 0710 5270 3702 4872 99

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

## SERVICE RETURN

Doc. No. 788729

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ____________________, ______. I hereby certify that on ____________________, ______ at ______ o'clock __M. I served copies of the Summons upon the party:

______________________________

by ______________________________

______________________________

______________________________

as required by Nebraska state law.

Service and return $ ________

Copy ________

Mileage ____miles ________

TOTAL $ ________

Date: ____________________ BY: ____________________
(Sheriff or authorized person)

LANCASTER COUNTY
2026 AUG 24 PM 3:38
CLERK OF THE DISTRICT COURT

## CERTIFIED MAIL PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: David Dirgo

At the following address: C/o Board of Regents of University of Nebraska, Varner Hall 3835 Holdrege St Lincoln, NE 68583

on the 20 day of August 2026, as required by Nebraska state law.

Postage $ 14.82 Attorney for: [signature]

The return receipt for mailing to the party was signed on August, 20, 2026

To: David Dirgo
c/o Board of Regents of UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

002279267D02

MN

ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: *COMPLETE THIS SECTION***

- Complete items **1, 2,** and **3.**
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

383 S Holdrege St
Lincoln NE 68503

9590 9402 9063 4122 1096 58

2. Article Number *(Transfer from service label)*

9589 0710 5270 3702 4873 43

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery
8-20-26

D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below: ☐ No

Nebraska-Lincoln
University Services
Mail & Distribution Services
1100 N. 17th St.
P.O. Box 880699
Lincoln, NE 68588-0699

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
***Domestic Mail Only***

**For delivery information, visit our website at *www.usps.com®*.**

Lincoln, NE 68503

| | |
|---|---|
| Certified Mail Fee | $5.55 |
| $ | $4.65 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $4.62 |
| $ | |
| Total Postage and Fees | $14.82 |
| $ | |

Postmark Here
LINCOLN NE STATE HOUSE STATION AUG 18 2026
08/18/2026

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 3702 4873 43

## SERVICE RETURN

Doc. No. 788731

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ____________________, ______. I hereby certify that on

____________________, ______ at ______ o'clock __M. I served copies of the Summons upon the party:

______________________________________________

by ____________________________________________

______________________________________________

______________________________________________

as required by Nebraska state law.

Service and return $ ________

Copy ________

Mileage ____miles ________

TOTAL $ ________

Date: ____________________ BY: ____________________
(Sheriff or authorized person)

LANCASTER COUNTY
2026 AUG 24 PM 3:38
CLERK OF THE DISTRICT COURT

## CERTIFIED MAIL PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Chelsi K Hayden

At the following address: c/o Board of Regents of University of Nebraska Varner Hall, 3835 Holdrege St, Lincoln NE 68503

on the 20 day of August, 2026, as required by Nebraska state law.

____________________

Postage $ 14.82 Attorney for: ____________________

The return receipt for mailing to the party was signed on August, 20 2026

To: Chelsi K Hayden
c/o The Board of Regents of UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

002279271D02

ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

3835 Holdrege St
Lincoln NE 68508

9590 9402 9063 4122 1096 72

2. Article Number *(Transfer from service label)*

9589 0710 5270 3702 4873 50

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery 8-20-26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

NU Nebraska-Lincoln
University Services
Mail & Distribution Services
1100 N. 17th St.
P.O. Box 880699
Lincoln, NE 68588-0699 JX

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

9589 0710 5270 3702 4873 50

**For delivery information, visit our website at www.usps.com®.**

Lincoln, NE 68503

| | |
|---|---|
| Certified Mail Fee $ | $5.55 |
| Extra Services & Fees *(check box, add fee as appropriate)* | $4.65 |
| ☐ Return Receipt (hardcopy) $ | $0.00 |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $ | $4.62 |
| Total Postage and Fees $ | $14.82 |

0509
10

Postmark Here
LN NE STATE HOUSE STA 68509
AUG 18
08/18/2026

*Sent To*

*Street and Apt. No., or PO Box No.*

*City, State, ZIP+4®*

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

## SERVICE RETURN

Doc. No. 788734

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ____________________, ______. I hereby certify that on ____________________, ______ at ______ o'clock __M. I served copies of the Summons upon the party:

________________________________________

by ________________________________________

as required by Nebraska state law.

| | | |
|---|---|---|
| Service and return | $ | ______ |
| Copy | | ______ |
| Mileage ____miles | | ______ |
| TOTAL | $ | ______ |

Date: ________________ BY: ________________
(Sheriff or authorized person)

LANCASTER COUNTY
2026 AUG 24 PM 3:38
CLERK OF THE DISTRICT COURT

## CERTIFIED MAIL PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Harvey S. Perlman
At the following address: C/o Board of Regents of University of Nebraska, ~~3835~~ Varner Hall, 3835 Holdrege St Lincoln NE 68503
on the 20 day of August 2026, as required by Nebraska state law.

____________________

Postage $ 14.82 Attorney for: ____________________

The return receipt for mailing to the party was signed on ________________, ______.

To: Harvey S Perlman
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

MN

002279269D02

ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

3835 Holdrege St
Lincoln NE 68503

9590 9402 9063 4122 1096 41

2. Article Number (Transfer from service label)

9589 0710 5270 3702 4873 12

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 8-20-26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Nebraska-Lincoln
University Services
Mail & Distribution Services
1100 N. 17th St.
P.O. Box 880699
Lincoln, NE 68588-0699

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

Lincoln, NE 68503

| | |
|---|---|
| Certified Mail Fee | $5.55 |
| $ | $4.65 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $4.62 |
| Total Postage and Fees | $14.82 |

Postmark Here
LINCOLN NE STATION E
AUG 18
0509
10
08/18/2026

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

9589 0710 5270 3702 4873 12

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

# SERVICE RETURN

Doc. No. 788739

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ______________________,_______. I hereby certify that on

______________________, ______ at _______ o'clock __M. I served copies of the Summons upon the party:

______________________________________________________________

by ____________________________________________________________

______________________________________________________________

______________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ______________________ BY: ______________________
(Sheriff or authorized person)

LANCASTER COUNTY
2026 AUG 24 PM 3:38
CLERK OF THE DISTRICT COURT

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail
TO THE PARTY: Danielle C. Jeffries

At the following address: C/o Board of Regents of University of Nebraska Varner Hall, 3835 Holdrege St Lincoln NE 68583

on the 20 day of August 2026, as required by Nebraska state law.

______________________________________________________________

Postage $ 14.87 Attorney for: ______________________

The return receipt for mailing to the party was signed on August, 22 2026.

To: Danielle C Jefferies
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

ML

002279270D02

ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

3835 Holdrege St
Lincoln NE ~~6858~~
68503

9590 9402 9063 4122 1096 34

2. Article Number *(Transfer from service label)*

9589 0710 5270 3702 4873 29

**PS Form 3811**, July 2020 PSN 7530-02-000-9053

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature ☐ Agent ☐ Addressee

X

B. Received by *(Printed Name)*

C. Date of Delivery 8-20-26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Nebraska Lincoln
University Services
Mail & Distribution Services
1100 N. 17th St.
P.O. Box 880699
Lincoln, NE 68588-0699

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

9589 0710 5270 3702 4873 05

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
***Domestic Mail Only***

**For delivery information, visit our website at *www.usps.com®*.**

Lincoln, NE 68503

| | |
|---|---|
| Certified Mail Fee | $5.55 |
| $ | $4.65 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $4.62 |
| $ | |
| Total Postage and Fees | $14.82 |
| $ | |

0509
Postmark Here
LINCOLN NE STATE HOUSE STA
18
NOV 2025

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

**PS Form 3800, January 2023** PSN 7530-02-000-9047 **See Reverse for Instructions**

## SERVICE RETURN

Doc. No. 788741

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ____________________, ________. I hereby certify that on

____________________, ______ at ______ o'clock __M. I served copies of the Summons upon the party:

________________________________________

by ________________________________________

________________________________________

________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________ BY: ____________________
(Sheriff or authorized person)

LANCASTER COUNTY
2026 AUG 24 PM 3:38
CLERK OF THE
DISTRICT COURT

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Molly M Brummond

At the following address: c/o Board of Regents of University of Nebraska, Varner Hall 3835 Holdrege St Lincoln NE 68503

on the 20 day of August 2026, as required by Nebraska state law.

________________________________________

Postage $ 14.82 Attorney for: ____________________

The return receipt for mailing to the party was signed on ______________, _______.

To: Molly M Brummond
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

BA

002279266D02

ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

383 S Holdrege St
Lincoln NE 68503

9590 9402 9063 4122 1096 10

2. Article Number *(Transfer from service label)*

9589 0710 5270 3702 4873 05

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☐ Agent ☐ Addressee

X

B. Received by *(Printed Name)*

C. Date of Delivery 8-20-26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

**Nebraska-Lincoln University Services**
**Mail & Distribution Services**
**1100 N. 17th St.**
**P.O. Box 880699**
**Lincoln, NE 68588-0699**

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- Mail
- Mail Restricted Delivery (00)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Lincoln, NE 68503

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $5.55 |
| Extra Services & Fees *(check box, add fee as appropriate)* | $4.45 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $4.62 |
| Total Postage and Fees | $14.62 |

0509
Postmark Here 13
LINCOLN NE STATE HOUSE STA
08/18/2026

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

9589 0710 5270 3702 4873 05

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

## SERVICE RETURN

Doc. No. 788744

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ____________, ______. I hereby certify that on ____________, ______ at ______ o'clock __M. I served copies of the Summons upon the party:

______________________________

by ______________________________

______________________________

______________________________

as required by Nebraska state law.

Service and return $ ________

Copy ________

Mileage ____miles ________

TOTAL $ ________

Date: ____________ BY: ____________
(Sheriff or authorized person)

LANCASTER COUNTY
2026 AUG 24 PM 3:38
CLERK OF THE DISTRICT COURT

## CERTIFIED MAIL PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Richard E Moberly

At the following address: C/o Board of Regents of University of Nebraska Varner Hall, 3835 Holdrege St, Lincoln NE 68503

on the 20 day of August 2026, as required by Nebraska state law.

______________________________

Postage $ 14.82 Attorney for: ______________________________

The return receipt for mailing to the party was signed on August 2026.

To: Richard E Moberly
c/o Board of Regents of the UNL
Varner Hall, 3835 Holdrege Street
Lincoln, NE 68583

From: Tyreese Learmond

002279274D02

ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mike Hilgers
1445 K. Street
Rm 2115
Lincoln NE 68508

9590 9402 9063 4122 1096 96

2. Article Number *(Transfer from service label)*

9589 0710 5270 3702 4873 74

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* Dylan Wall

C. Date of Delivery 08/20/2026

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

LINCOLN STA 68509 AUG 20 2026 USPS

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
***Domestic Mail Only***

**For delivery information, visit our website at *www.usps.com*®.**

Lincoln, NE 68508

| | |
|---|---|
| Certified Mail Fee | $5.55 |
| Extra Services & Fees *(check box, add fee as appropriate)* | $4.65 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ $0.00 |
| Postage | $ $4.62 |
| Total Postage and Fees | $ $14.82 |

0509

Postmark Here

LINCOLN NE STATE HOUSE STA 68509 AUG 18 USPS

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

9589 0710 5270 3702 4873 74

**PS Form 3800, January 2023** PSN 7530-02-000-9047 **See Reverse for Instructions**

## SERVICE RETURN

Doc. No. 788746

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ____________, ______. I hereby certify that on ____________, ______ at ______ o'clock __M. I served copies of the Summons upon the party:

______________________________

by ______________________________

______________________________

______________________________

as required by Nebraska state law.

Service and return $ ______

Copy ______

Mileage ____miles ______

TOTAL $ ______

Date: ______________ BY: ______________
(Sheriff or authorized person)

LANCASTER COUNTY
2026 AUG 24 PM 3:38
CLERK OF THE DISTRICT COURT

## CERTIFIED MAIL PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Board of Regents of University of Nebraska

At the following address: C/o State of NE, Office of Atty General, 1445 K St, Room 2115, Lincoln NE 68508

on the 20 day of August 2026, as required by Nebraska state law.

Postage $ ~~11.52~~ 18.97 TL

Attorney for: ______________

The return receipt for mailing to the party was signed on August, 22 2026

To: The Board of Regents of the UNL
c/o State of NE,Office of Atty Gen
1445 K Street, Room 2115
Lincoln, NE 68508

From: Tyreese Learmond

002279273D02

ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Mike Hilgers
1445 K Street
Rm 2115
Lincoln NE 68508

9590 9402 9063 4122 1097 02

2. Article Number *(Transfer from service label)*
9589 0710 5270 3702 4873 67

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Dylan Walter
C. Date of Delivery 08/20/2026

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

LINCOLN STATE HOUSE STA 68509 AUG 20 2026 USPS

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☑ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- Mail Restricted Delivery (00)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
***Domestic Mail Only***

**For delivery information, visit our website at *www.usps.com*®.**

Lincoln, NE 68508

9589 0710 5270 3702 4873 74

| | |
|---|---|
| Certified Mail Fee $ $0.00 | 0509 10 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) $ $0.00 | |
| ☐ Return Receipt (electronic) $ $14.35 | Postmark Here |
| ☐ Certified Mail Restricted Delivery $ $0.00 | |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $ $4.62 | |
| Total Postage and Fees $ $18.97 | |

LINCOLN NE STATE HOUSE STA 68509 AUG 18 USPS

*Sent To*

*Street and Apt. No., or PO Box No.*

*City, State, ZIP+4®*

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

## SERVICE RETURN

Doc. No. 788747

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln NE 68508

To:
Case ID: CI 26 3107 Tyreese Learmond v. Anthony Schutz

Received this Summons on ____________________, ______. I hereby certify that on ____________________, ______ at ______ o'clock __M. I served copies of the Summons upon the party:

______________________________________________

by ______________________________________________

______________________________________________

______________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________ BY: ____________________
(Sheriff or authorized person)

LANCASTER COUNTY
2026 AUG 24 PM 3:38
CLERK OF THE DISTRICT COURT

## CERTIFIED MAIL PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: State of Nebraska
At the following address: c/o Office of the Attorney General
1445 K Street, Rm 2115, Lincoln
NE 68508

on the 21 day of August 2026, as required by Nebraska state law.

______________________________________________

Postage $ 18.97 Attorney for: ____________________

The return receipt for mailing to the party was signed on ~~2026~~ August 20 2026

To: State of Nebraska
c/o Office of the Attorney General
1445 K Street, Room 2115
Lincoln, NE 68508

From: Tyreese Learmond

002279272D02

ATTACH RETURN RECEIPT & RETURN TO COURT

9589 0710 5270 3702 4873 67

**U.S. Postal Service™**

# CERTIFIED MAIL® RECEIPT

***Domestic Mail Only***

**For delivery information, visit our website at *www.usps.com®*.**

Lincoln, NE 68508

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $ | $4.65 |
| Extra Services & Fees *(check box, add fee as appropriate)* | 0509 |
| ☐ Return Receipt (hardcopy) $ | $0.00 |
| ☐ Return Receipt (electronic) $ | $14.35 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $ | $4.62 |
| Total Postage and Fees $ | $23.62 |

Postmark Here

LINCOLN NE STATE HOUSE STA

AUG 18

/2024

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions